IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINA CASUALTY<br>INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:11-cv-3844 |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| MERGE HEALTHCARE, INC. and | ) | |
| MERGE HEALTHCARE | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Carolina Casualty Insurance Company ("Carolina"), by its attorneys, Schuyler, Roche & Crisham, LLC, and for its Complaint for Declaratory Judgment, states as follows:

## PARTIES

1.    Plaintiff, Carolina, is an Iowa corporation with its principal place of business in Jacksonville, Florida, which is licensed to sell various forms of insurance in numerous states.

2.    Defendant, Merge Healthcare, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.  Merge Healthcare, Inc. has demanded that Carolina provide payment of a fee award assessed against its wholly-owned subsidiary, Merge Healthcare Solutions, Inc.

3.    Defendant, Merge Healthcare Solutions, Inc., is a Delaware corporation formerly known as "Amicas, Inc.," with its principal place of business in Hartland, Wisconsin, which is

wholly-owned by Merge Healthcare, Inc. (collectively, Merge Healthcare, Inc. and Merge

Healthcare Solutions, Inc. are referenced herein as "Defendants").

4.       The President of Merge Healthcare, Inc. and the President of Merge Healthcare

Solutions, Inc., is the same person, Justin C. Dearborn, whose office is located in Chicago, Illinois.

## JURISDICTION AND VENUE

5.       Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. §1332

because the parties hereto are citizens of different states and the amount in controversy exceeds

$75,000, exclusive of interest and costs. Federal subject matter jurisdiction is also invoked

pursuant to Declaratory Judgment provisions under 28 U.S.C. §§2201 and 2202.

6.       Pursuant to 28 U.S.C. §1391 venue is appropriate in this judicial district because

Merge Healthcare, Inc., is located in this judicial district, the President of both Merge Healthcare

Inc. and Merge Healthcare Solutions, Inc. is located in this judicial district, a substantial part of the

events giving rise to the claim occurred within in this judicial district, and the underwriting and

claim documents in connection with the insurance policy that is the subject of this declaratory

judgment action are maintained in this judicial district.

## NATURE OF THE ACTION

7.       Carolina issued a Directors' and Officers' and Corporate Liability Insurance Policy,

numbered 1898247, to Amicas, Inc., now known as Merge Healthcare Solutions, Inc., initially for a

Policy Period of July 27, 2009 to July 27, 2010, which was extended by endorsement to provide

coverage for Claims with respect to Wrongful Acts occurring prior to April 28, 2010, for a period

of 72 months expiring on April 28, 2016 (the "Policy"). A true and correct copy of the Policy is

attached hereto as Exhibit A.

8.     Defendant Merge Healthcare, Inc. has demanded, as a party in interest by virtue of its 100 percent ownership of Merge Healthcare Solutions, Inc. (formerly known as "Amicas, Inc.") that Carolina provide coverage under the Policy in connection with a December 4, 2010 Fee Order (the "Fee Order") issued in a lawsuit captioned *In re Amicas, Inc. Securities Litigation*, Docket Nos. 1-174 BLS2 and 10-412 BLS2 (the "Securities Litigation"). A true and correct copy of the Fee Order is attached hereto as Exhibit B.

9.     The Fee Award provides that the plaintiffs' counsel in the Securities Litigation was to be paid a lodestar amount of $630,000, which it calculated as being $450 per hour for 1,400 hours, and additional costs and expenses in the amount of $22,663. Exhibit B., p. 7.

10.    The Fee Award further applied an enhancement multiplier of five, which yielded a total award amount for the plaintiffs' counsel in the Securities Litigation of $3,150,000 plus expenses of $22,663. Exhibit B, pp. 7-8.

11.    An actual and justiciable controversy exists between Carolina and the Defendants, because Defendants have both demanded that Carolina either pay the entire amount of the Fee Order, or fund an appeal of the Fee Order, while Carolina contends that it is only obligated to provide indemnification for the non-multiplied portion of the Fee Award, plus the costs and expenses, for a total of $652,663, because the definition of covered **"Loss"**[1] under the Policy expressly states that **Loss** shall not include "the multiplied portion of multiplied damages."

12.    Carolina has no adequate remedy at law, and pursuant to F.R.C.P. 57 Carolina therefore seeks a judicial determination of its rights and duties in accordance with the Policy in connection with the Fee Award.

---

[1] The Policy's defined terms are provided in bold-faced type herein as they appear in the Policy.

## THE POLICY

13.     Under the Declarations to the Policy, Item 3., the Policy has an aggregate Limit of Liability of $5,000,000 for all "**Loss**," under all Coverages combined, arising out of all **Claims** first made against the **Insureds** during the **Policy Period** and, if applicable, the **Extended Reporting Period**. Pursuant to Section V. B. of the Policy, **Costs of Defense** are part of **Loss** and are subject to the Policy's $5,000,000 Limit of Liability for **Loss**. Under Section V. C., of the Policy, coverage under the Policy is subject to the applicable Retention.

14.     Pursuant to Section I. B. 2. of the Policy, it affords coverage, subject to its terms and conditions, to Amicas for **Loss** arising from any **Claim** first made against the **Directors or Officers** during the **Policy Period** or, if applicable, the **Extended Reporting Period**, for any actual or alleged **Wrongful Act**, but only to the extent Amicas has indemnified its **Directors or Officers** for such **Loss** as permitted by law.

15.     Merge Healthcare Solutions, Inc. (formerly known as Amicas, Inc.) is both permitted and required to indemnify its former **Directors or Officers** to the extent that they could be liable in connection with the Fee Award; however, Defendants refuse to acknowledge that obligation.

16.     Pursuant to Section I. B. 1. of the Policy, it affords coverage, subject to its terms and conditions, to Merge Healthcare Solutions, Inc. (formerly known as Amicas, Inc.) for **Loss** arising from any **Securities Claim** first made against it during the **Policy Period** or, if applicable, the **Extended Reporting Period**, for any actual or alleged **Wrongful Act**.

17.     The term "**Securities Claims**" is defined in pertinent part under Section III.O., as endorsed, as follows:

> "**Securities Claim**" means a **Claim**...made against an **Insured** and brought anywhere in the world alleging a violation of any law, regulation or rule, whether

statutory or common law, which is brought by:

1.      any person or entity alleging, arising out of, based upon or attributable to, in whole or in part, the purchase or sale, or offer or solicitation of an offer to purchase or sell, any securities of the **Company**; or

2.      a security holder of the **Company** directly or by class action alleging any **Wrongful Act** of an **Insured**. . . .

18.      The scope of "**Loss**" that may give rise to coverage under the Policy is limited by the definition of the term under the Section III. I. of the Policy, which, as modified by Endorsement Nos. 214010 (rev. 06-02), 213112 (03-98), 213115 (05-07), 213119 (04-98)[2] provides as follows:

> "**Loss**" means damages, judgments, settlements and **Costs of Defense**; however, **Loss** shall not include civil or criminal fines or penalties imposed by law, punitive or exemplary damages, the multiplied portion of multiplied damages, taxes, any amount for which the **Insureds** are not financially liable or which are without legal recourse to the **Insureds**, or matters which may be deemed uninsurable under the law pursuant to which this Policy shall be construed.

> Further, with respect to Coverage B. only, **Loss** shall not include damages, judgments or settlements arising out of a **Claim** alleging that the **Company** paid an inadequate price or consideration for the purchase of its own securities or the securities of a **Subsidiary**

> "**Loss**" shall also include any award of pre-judgment and post-judgment interest.

> Notwithstanding any in this Policy to the contrary, **Loss** shall include civil penalties assessed against any **Director or Officer** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act, 15 U.S.C. Section 78dd-2(g)(2)(B).

> "**Loss**" shall include any award of pre-judgment or post-judgment interest.

> Only for the purpose of resolving any dispute between the **Insurer** and the **Insured** regarding whether such punitive or exemplary damages are insurable

---

[2] The definition of "Loss" in the Policy is also modified by Endorsement Nos. 211085 (rev. 12-05) (as to Employment Practices Liability Insurance), 213010 (rev. 06-02) (as to liability under section 227.1 of the Canadian Income Tax Act), and 213121 (09-07) (as to an Initial Public Offering or Secondary Offering). These provisions are not referenced herein because the Securities Litigation for which Defendants have demanded coverage does not involve either: (1) Employment Practices Liability Insurance; (2) liability under the Canadian Income Tax Act; or (3) either an Initial Public Offering or a Secondary Public Offering.

under this Policy, the law of the jurisdiction most favorable to the insurability of those damages shall control, provided that such jurisdiction is where:

1.   those damages were awarded or imposed;

2.   any **Wrongful Act** occurred for which such damages were awarded or imposed, or

3.   the **Insured** resides, is incorporated or has its principal place of business, or

4.   the **Insurer** is incorporated or has its principal place of business.

Notwithstanding the foregoing, with respect to **Securities Claims** only and subject to the other terms, conditions and exclusions of the Policy, **Loss** shall include punitive or exemplary damages (if insurable by law) imposed upon any **Insured**.

Only for the purpose of resolving any dispute between the **Insurer** and the **Insured** regarding whether such punitive or exemplary damages are insurable under the Policy, the law of the jurisdiction most favorable to the insurability of those damages shall control, provided that such jurisdiction: (1) is where those damages were awarded or imposed, (2) is where any **Wrongful Act** occurred for which such damages were awarded or imposed, is where the **Insured** resides, (3) is incorporated or has its principal place of business, or (4) is where the **Insurer** is incorporated or has its principal place of business.

19.   The Fee Order expressly awarded the plaintiffs' counsel in the Securities Litigation the actual value of the plaintiffs' counsel fees and expenses, which totaled $652,663, consisting of $630,000 in fees and $22,663 in expenses, and then enhanced that lodestar fee amount by a multiplying the $630,000 by a factor of five, which yielded an additional multiplied portion of $2,520,000. Exhibit B., pp. 7-8.

20.   Because the $2,520,000 portion of the Fee Award constitutes a "multiplied portion of multiplied damages," which is expressly outside of the scope of covered "**Loss**," as defined under the Policy, on January 21, 2011 Carolina advised Defendants that the $2,520,000 multiplied portion of the Fee Award does not give rise to coverage under the Policy.

21.     Carolina also advised Defendants on January 21, 2011 that it would provide for settlement, payment or appeal in connection with the $652,663 to plaintiffs' counsel in the Securities Litigation, but Defendants have refused to acknowledge that Carolina's obligation is limited to the non-multiplied portion of the Fee Award, notwithstanding that the Policy clearly states under Section III.I. that insured "**Loss**" "shall not include . . . " the multiplied portion of multiplied damages."

22.     Both plaintiffs in the Securities Litigation and the defendants in the Securities Litigation have filed notices of appeal, but the record has not been transferred to the Massachusetts Court of Appeals as of the date of the filing of this action. Defendants have demanded that Carolina either pay the entire amount of the Fee Award, or fund an appeal of the entire amount of the Fee Award.

23.     In the meantime, and during any period of an appeal of the Fee Award, interest is accruing and will continue to accrue on the Fee Award.

24.     The position of Defendants has prevented and continues to prevent Carolina from resolving liability as to the non-multiplied portion of the Fee Award.

25.     Declaratory judgment as to coverage will require only a review of the plain language of the Policy and the Fee Award. This will enable the parties to proceed in regard to payment, settlement or appeal of the Fee Award with full knowledge of which party is responsible for what portion of the Fee Award.

## COUNT I

### (Declaratory Judgment)

26.     Carolina restates and incorporates the foregoing paragraphs 1 through 24 as though fully set forth and stated herein.

27. Because the Policy provides coverage only for "**Loss**" as defined, "**Loss**" is expressly defined not to include "the multiplied portion of multiplied damages," and the $2,520,000 enhancement of the Fee Award by a multiple of five constitutes a "multiplied portion of multiplied damages," Carolina has no obligation in regard to payment, settlement or appeal of the $2,520,000 multiplied portion of the Fee Award.

WHEREFORE, Carolina Casualty Insurance Company respectfully requests this Honorable Court to issue an order:

(1) declaring that:

    (a) Carolina Casualty Insurance Company has no obligation in regard to payment, settlement or appeal of the $2,520,000 portion of the December 4, 2010 Fee Award, because that portion of the award constitutes a multiplied portion of multiplied damages;

    (b) Carolina is not responsible for the payment of interest on the portion of the Fee Award for which it has acknowledged coverage from January 21, 2011 to the present, because the position of Defendants has precluded Carolina from resolving the Securities Litigation Fee Award to the extent that it involves covered **Loss** under the Policy; and

(2) awarding Carolina Casualty Insurance Company such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Carolina Casualty Insurance Company

Dirk E. Ehlers
Carrie E. Cope
John P. O'Malley
Schuyler, Roche & Crisham, P.C.
130 East Randolph Street, Suite 3800
Chicago, Illinois 60601
312-565-2400

By:   /s/ Dirk E. Ehlers
      One of its attorneys