IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 11 C 3844 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| MERGE HEALTHCARE INC. and MERGE HEALTHCARE SOLUTIONS, INC., f/k/a AMICAS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Carolina Casualty Insurance Company ("Carolina") seeks a declaration of its rights under an insurance policy it issued to Merge Healthcare Solutions Inc. Carolina has named Merge Healthcare Solutions Inc. ("Merge Solutions") and its parent company Merge Healthcare Incorporated ("Merge Healthcare") as defendants. Merge Healthcare moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming it is not a proper party to this lawsuit. For the reasons set forth below, the motion is granted.

## BACKGROUND

Carolina issued a Directors and Officers and Corporate Liability Insurance Policy, numbered 1898247 to Merge Solutions, known at the time as Amicas, Inc. ("Amicas"). Merge Healthcare is not a party to the policy and had not yet acquired Merge Solutions at the time the policy was issued. The policy calls for Carolina to cover losses arising from securities claims made against Merge Solutions' directors or officers during the applicable coverage period.

Carolina's request for declaratory relief stems from an attorneys' fee award against Amicas in a case entitled *In re Amicas Inc. Shareholder Litigation*, Dkt. Nos. 10-174-BLS2 and 10-412-BLS2 (hereafter "Shareholder Litigation") Dkt. No. 10, Ex. B. The plaintiffs in the Shareholder Litigation–shareholders of Amicas–alleged an offer by Thoma, LLC to buy Amicas was inadequate. Merge Healthcare subsequently made a superior offer for Amicas, which became a wholly-owned subsidiary of Merge Healthcare and changed its name to Merge Healthcare Solutions Inc. As a consequence, the Massachusetts state court presiding over the Shareholder Litigation dismissed the case as moot. The court nonetheless ordered Merge Solutions a/k/a/ Amicas to pay plaintiffs $630,000 in attorneys' fees and $22,663 in expenses.[1] It also determined enhancement of the base lodestar fee was appropriate, multiplying the $630,00 by a factor of five, which yielded an additional multiplied portion of $2,520,000. The total fee award amounts to $3,172,663.

Carolina does not dispute it owes Merge Solutions $22,663 for expenses and $630,000 for attorneys' fees under the terms of the policy. But it alleges the policy does not cover "the multiplied portion of multiplied damages" and denies it is obligated to pay Merge Solutions the lodestar enhancement of $2,520,000. Merge Solutions demanded Carolina pay the entire fee

---

[1] The parties dispute the level of Merge Healthcare's involvement in the Securities Litigation and direct the court's attention to various transcripts and other public documents they believe are relevant to this motion. The court may take judicial notice of the documents. *See, e.g., Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011); *Stavros v. Exelon*, 266 F. Supp. 2d 833, 844 n.8 (N.D. Ill. 2003) (Castillo, J.). The record shows Merge Healthcare attended the hearing on the appropriateness of attorneys fees but was not an active participant in the Shareholder Litigation. Dkt. No. 16, Exs. A-B; Dkt. No. 22, Exs. A-H; Dkt. No. 23 Ex. B. In any case, Merge Healthcare's status as a defendant or plaintiff-intervener in the Securities Litigation and its level of involvement in that proceeding is not legally relevant. As discussed below, the relevant question is whether Merge Healthcare, and not just Merge Solutions, has rights under the policy and a legal interest that will be adjudicated in this case.

2

award. Merge Healthcare also demanded Carolina pay the entire fee award to its subsidiary. Carolina refused and brought this case against Merge Solutions and parent company Merge Healthcare, seeking a declaratory judgment that it has no obligation to pay the $2,520,000 portion of the fee award and is not responsible for interest accrued on the fee award since January 21, 2011.

Merge Healthcare moves to dismiss the first amended complaint on the grounds that it is not a proper party. It admits it has a financial interest in the coverage dispute between Carolina and Merge Solutions because it is the parent company of Merge Solutions and further admits it made payment demands upon Carolina on behalf of its subsidiary. But it claims Merge Healthcare and Merge Solutions are distinct, independent, separately incorporated companies. Merge Healthcare argues Carolina cannot bring an action against it under the policy because it is neither an insured nor a party to the policy. Carolina claims Merge Healthcare is a proper party because it has a financial interest in the litigation and has made payment demands upon Carolina on behalf of Merge Solutions.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint, not its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts as true all well-pleaded allegations and draws all reasonable inferences in Carolina's favor. *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Factual allegations in the complaint must be sufficient to state a claim of relief that is plausible on its face, rather than merely speculative. *Killingsworth v. HSBC Bank New., N.A.,* 507 F.3d 614, 618-19 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-

3

56 (2007)).

## DISCUSSION

Carolina correctly asserts a party with an "interest" in the outcome of the litigation is a proper party in a declaratory judgment action. *See, e.g., Arvida/JMB Managers, Inc. ex rel. Arvida/JMB Parners, L.P. v. U.S. Fire Ins. Co.,* No. 03 C 988, 2003 WL 211488841, at *2-*3 (N.D. Ill. May 14, 2003) (Manning, J.). It is not necessary, as Merge Healthcare contends, for it to be a party to the policy or for the court to determine there is a legal basis to pierce the corporate veil. But this does not mean Merge Healthcare has sufficient legal interest in the outcome of this litigation to be properly named as a defendant.

A declaratory judgment is appropriate only where "there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 5476780, at *2 (N.D. Ill. Dec. 29, 2010) (Gottschall, J.) (citing *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 126 (2007)).[2] Merge Healthcare has no *legal* interest in the outcome of this litigation.

Merge Healthcare has demanded Carolina pay its subsidiary the entire fee award and surely hopes the court interprets the policy as requiring this result. But, as a matter of law, Merge Healthcare cannot compel Carolina to pay the entire fee award. "It is well settled that to recover for a breach of contract, a plaintiff must prove that a valid contract existed between the parties."

---

[2] While a case may be dismissed for failure to satisfy this standard under Rule 12(b)(6), it is more common and more appropriate to seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Davidson v. Schneider*, No. 10 C 2101, 2011 WL 882834, at * 1 n.2, *3-*4 (N.D. Ill. March 11, 2011) (Lefkow, J.); *Sloan Valve Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 750 (N.D. Ill. 2010) (St. Eve., J.).

4

*Am. Gen. Fin. Servs. of Illinois v. Riverside Mortgage Co., Inc.*, No. 02 C 3518, 2005 WL 1211583, at *4 (N.D. Ill. May 19, 2005) (Mason, MJ.). Merge Healthcare lacks standing to bring a breach of contract claim against Carolina because it is not a party to the policy. Nor could it seek a declaratory judgment against Carolina. *See, e.g., Am. Gen. Fin. Servs.*, 2005 WL 1211583, at *4 (plaintiff who was not a party to the contract "failed to establish [the] most fundamental element of its breach of contract claims" and had no standing to seek declaratory relief under the contract or bring a breach of contract claim); *Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 602-03, 607 (7th Cir. 2001) (affirming grant of summary judgment against plaintiff on breach of contract claim because plaintiff was not a party to the contract and not in privity with any party and thus had no rights under the contract).[3]

Because Merge Healthcare has no legal rights under the policy and could not bring any claims under the policy, it makes no sense to allow Carolina to proceed against it. *See GMP Tech. LLC v. Zicam, LLC et. al.*, No. 08 C 7077, 2009 WL 5064762, at *2 (N.D. Ill. Dec. 9, 2009) (Gottschall, J.) (dismissing parent company under 12(b)(6) from declaratory noninfringement action where parent had no legal interest in its subsidiary's patents and lacked standing to bring an infringement suit); *see also Sloan Valve Co.*, 712 F. Supp. 2d at 750 ("A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff[.]") (citing *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir.

---

[3] Although a non-party to a contract may bring claims based on the contract if it is in privity with a party or a third-party beneficiary of the contract, Merge Healthcare insists it has no rights under the policy and disclaims third-party beneficiary status or privity with Merge Solutions.

2007).

The cases cited by Carolina are inapposite. In *Innkeepers* and *Arvida*, plaintiffs either accused defendants of misconduct or affirmatively moved to have the court adjudicate defendants' rights. *See, e.g., Innkeepers Telemangement and Equipment Corp. v. Hummert Management Group, Inc.*, No. 92 C 8416, 1994 WL 478491, at *1-*3 (N.D. Ill. Aug. 30, 1994) (Pallmeyer, MJ.) (plaintiff accused hotel managers, who did not own the hotels and who were not signatories to the agreements in question, of affirmative misconduct in administration of the agreements); *Arvida*, 2003 WL 211488841 at *2-*3 (plaintiff claimed insurer was obligated to defend and indemnify it with respect to certain litigation and sought court order requiring its agent, a non-party to the insurance agreement, to effectuate relief through administration of the insurer's business affairs).

*Marvel* is also distinguishable. Marvel Entertainment sued the heirs of comic-book artist Jack Kirby, asking the court to hold the Kirbys' termination of a copyright grant issued to Marvel by their father was invalid. With the goal of assuming ownership over a well-known cast of comic book characters and stories, the Kirbys brought a declaratory judgment counterclaim against Marvel and parent company Disney, seeking a declaration that their termination was valid. The court did not decline to dismiss the Kirbys' counterclaim against Disney simply because Disney expressed a financial interest in the health of its subsidiary or made payment demands on behalf of its subsidiary. Rather, in its acquisition of Marvel, Disney actually assumed ownership and control over the characters at issue and was in a position to challenge the Kirbys' rights. *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 474 (S.D.N.Y. 2010) (McMahon, J.); *Gary Friedrich Enters., LLC v. Marvel Enters, Inc.*, No.08 C 1553(BSJ)(JCF),

2011 WL 1142916, at *6, n.1 (S.D.N.Y. March 22, 2011) (Francis, MJ.). Indeed, Disney was properly added as a defendant in a copyright infringement action brought against Marvel because it assumed control over the distribution of all of Marvel's films and over the production and sale of Marvel products. *Gary Friedrich Enters.*, 2011 WL 1142916, at *7. Thus, in *Marvel*, Disney was properly named as a defendant because it had a direct interest in the status of intellectual property over which it had assumed control. Carolina has failed to allege or identify any similar interest here.[4]

The court's conclusion is supported by the treatment of related issues. A party seeking to intervene in a case as a matter of right must satisfy standards similar to those of a party seeking a declaratory judgment. When a party seeks to intervene in litigation pursuant to Federal Rule of Civil Procedure 24(a)(2), it must be a "necessary party" under Rule 19(a)(2)(1). A party is not considered a necessary party unless it has a protectable interest. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005). To be "protectable," the interest must be "direct, significant, and legally protectable." *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503, 506 (7th Cir. 2006). A mere financial interest does not qualify. *See, e.g., Liberty Mut.*, 419 F.3d at 230 ("The interest relating to the subject matter of the action that makes an absent party needed for just adjudication must be a legally protected

---

[4] Carolina suggests a potential dispute between Merge Healthcare and individual defendants in the Shareholder Litigation over Merge Healthcare's indemnification obligations necessitates the presence of Merge Healthcare in this case. Dkt. 22 at 11-12. No such dispute has arisen. Nor do Merge Healthcare's indemnification obligations implicate Merge Healthcare's rights *vis a vis* Carolina or give Merge Healthcare a legally protectable interest in the interpretation of a policy executed only between Carolina and Merge Solutions.

7

interest, not merely a financial interest or interest of convenience")[5] (citing 3A, Moore's Federal Practice ¶ 19.07 - 1(2)). Moreover, intervention under Rule 24(a)(2) is appropriate only where the applicant's interest is not adequately represented by existing parties. *Id.* at 230. Merge Solutions can adequately represent its own interest under the policy. Merge Healthcare has no rights under the policy and cannot bring any claims against Carolina. Intervention by Merge Healthcare in this case would not be appropriate if it were not a named defendant. By the same token, it should not be compelled to remain in the lawsuit when it has no legally protectable interest in the underlying subject matter.

Carolina's alternative request to amend the complaint is denied. Leave to amend a complaint should be given freely when justice so requires. FED. R. CIV. P. 15(a). But leave to amend should not be given after granting a motion to dismiss where amendment would be futile. *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). Amendment is futile if the proposed amended complaint would not survive a motion to dismiss. *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 721 (7th Cir. 2002). Carolina has attached a proposed second amended complaint as Exhibit B of its response to Merge Healthcare's motion to dismiss. Dkt. No. 22, Ex. B. The proposed complaint incorporates the same factual assertions Carolina presented in its response, based upon public documents. In considering Merge Healthcare's dismissal, the court has reviewed the documents and considered the proposed complaint. The proposed complaint and public documents provide additional facts

---

[5] The court does not suggest a financial interest can never qualify as a legally protectable interest. It can, for example, when a party is a ***direct*** beneficiary of funding that is threatened. *See Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 440-41 (N.D. Ill. 1996) (Moran, J.). But here, Carolina only owes money to Merge Solutions. As a separate corporation, Merge Healthcare has no legal right to reimbursement under the policy.

as to demands made by Merge Healthcare upon Carolina and additional facts as to Merge Healthcare's professed interest in the outcome of this litigation. But the proposed complaint does not demonstrate Merge Healthcare has a legally protectable interest in the interpretation of the policy. The proposed second amended complaint fails to state a claim against Merge Healthcare upon which relief may be granted.

## CONCLUSION

For the reasons set forth above, Merge Healthcare is dismissed from this case. Carolina's request to file a second amended complaint is denied.

ENTER:

September 6, 2011

Suzanne B. Conlon
United States District Judge