# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3844 | **DATE** | 9/21/2011 |
| **CASE TITLE** | CAROLINA CASUALTY INSURANCE CO. v. MERGE HEALTHCARE, INC. *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to dismiss Merge Healthcare Solutions Inc.'s second counterclaim [25] is granted. **SEE BELOW FOR DETAILS.**

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Carolina Casualty Insurance Company ("Carolina") seeks a declaration of its rights under an insurance policy it issued to Merge Healthcare Solutions Inc ("Merge Solutions"). Carolina concedes the policy requires it to cover part of an attorneys' fee award issued against certain Merge Solutions directors and officers but claims it is not obligated to cover a portion of the fee award that qualifies as the "multiplied portion of multiplied damages." Merge Solutions brings a number of counterclaims. Counterclaim 2 alleges Carolina made an "independent, enforceable agreement" to pay the entire fee award in a March 19, 2010 letter and is liable for breach of contract because it refuses to do so. Dkt. No. 18 ¶ 57. Carolina moves to dismiss counterclaim 2.

In determining whether the breach of contract claim should be dismissed, the court may consider the contract itself. *See, e.g., Rosenblum v. Travelbyus.com Ltd.*, 299 F. 3d 657, 661 (7th Cir. 2002). Clear, unambiguous language of the contract controls over inconsistent allegations of a party. *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). The March 19, 2010 letter clearly shows Carolina did not make an independent promise to pay the entire fee award. Instead, Carolina's agreement to cover "reasonable attorneys' fees" is "***subject*** to the Policy's terms and conditions." Dkt. No. 18, Ex. B. at 2 (emphasis added). Carolina also reserved its "rights, remedies and defenses under the Policy and the law." *Id.* at 1. Moreover, the letter expressly incorporates the policy's "Loss" definition, reiterating that covered losses do not include "the multiplied portion of multiplied damages" and making it clear that Carolina's agreement to cover attorneys' fees is "subject to, and provided in light of" the policy's coverage terms. *Id.* at 1-2.

Contrary to Merge Solutions' assertion, the course of negotiations and earlier drafts of the letter do not prove Carolina agreed to pay the entire fee award irrespective of its obligation to do so under the policy. *See* Dkt. No. 18, Ex. C. Rather, language added to the final version only makes it clear Carolina agreed to pay

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

court-approved fees calculated as a percentage of a bump-up amount but would not pay fees recovered out of a common fund. *Id.* at 2. The language does not negate language from numerous points in the March 19, 2010 letter also requiring payment to be consistent with the terms and conditions of the policy.

In sum, the March 19, 2010 letter is not an independent, enforceable agreement to pay the entire fee award. Carolina's obligation to pay attorneys' fees is limited by the policy. The breach of contract claim under the March 19, 2010 letter is implausible on its face and is dismissed. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 579 F.3d 505, 510 (7th Cir. 2009).

*Suzanne B. Conlon*