# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3844 | **DATE** | 11/16/2011 |
| **CASE TITLE** | Carolina Casualty Insurance Company vs. Merge Healthcare, Inc. Et al | | |

**DOCKET ENTRY TEXT**

Carolina Casualty Insurance Company's Motion for a Protective Order [45] is denied.. All matters currently referred to this Court are now resolved. The referral shall terminate.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiff Carolina Casualty Insurance Co. ("CC") moves for a Protective Order to prevent the depositions of underwriting and claims personnel, including the deposition of Ms. Carrie Cope, an attorney for CC involved in the negotiations of the policy at issue. [Doc. No. 45.] The matter is fully briefed, and argument on the motion was heard on November 15, 2011.

CC moves for a protective order on the basis that the discovery sought is irrelevant to the Court's determination of the plain meaning of the policy. Merge Healthcare Solutions ("MHS") argues that it is entitled to the discovery in order to seek information to use in opposition to summary judgment "both with respect to the threshold issues of whether the policy language is ambiguous and with respect to the issue of the meaning of ambiguous language." MHS Opp. at 2 [Doc. No. 52].

Rule 26(b) of the Federal Rules of Civil Procedure provides for the discovery of any "nonprivileged matter that is relevant to any party's claim or defense . . . ." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nonetheless, this Court has the authority to issue protective orders permitted by Federal Rule of Civil Procedure 26. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Pursuant to Rule 26(c), the court may exercise its discretion to issue a protective order when the moving party shows "good cause" to protect the material. See Fed. R. Civ. P. 26(c)(1); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The burden of showing good cause rests on the moving party. *Pfizer Inc. v. Apotex Inc*., 744 F. Supp. 2d 758, 762 (N.D. Ill. 2010). To establish good cause, the moving party must provide specific supporting facts, rather than mere allegations or conclusory assertions. *See, e.g., Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998).

CC asserts that good cause exist because the information sought through the deposition notices or subpoenas

**STATEMENT**

consists of parol evidence which, they contend, is irrelevant to the issues in the case. In support, CC points out that there is an integration provision in the policy at issue, and because of this provision, no parol evidence is relevant. MHS does dispute that the policy contains an integration clause.

In order to determine whether CC has met its burden, the Court must determine whether parol evidence could arguably be relevant to the claims, even in light of an integration provision in the policy at issue. The parties do not disagree that Massachusetts law applies to this question of law, although the parties also acknowledge that Illinois law is not substantively different.

Generally, Massachusetts law follows the parol evidence rule, which precludes evidence of earlier or contemporaneous discussions varying the terms of a later integrated agreement. *See, e.g., Kobayashi v. Orion Ventures, Inc.*, 42 Mass. App. Ct. 492, 496, *rev. den.*, 425 Mass. 1102 (1997); *New England Fin. Res., Inc. v. Coulouras*, 30 Mass. App. Ct. 140, 145 (1991). Under both Massachusetts and Illinois law, however, a determination that the parties' have an "integrated contract" is no absolute bar to consideration of parol evidence, nor does it change the general rule that consideration of such evidence is prohibited only where it is used to alter or contradict express terms the written contract contains. *Kobayashi*, 42 Mass. App. Ct. at 496. This approach is consistent with Illinois contract law which holds that "[u]nder the parol evidence rule, extrinsic or parol evidence concerning a prior or contemporaneous agreement is not admissible to vary or contradict a fully integrated writing." *Sunstream Jet Express, Inc. v. Int'l Air Serv. Co., Ltd.*, 734 F.2d 1258, 1265 (7th Cir. 1984). However, "even when a contract is integrated on its face, if the contract is ambiguous, as a matter of law, then extrinsic and parol evidence is admissible to explain the terms of the ambiguous contract." *Id.* at 1266 (quoting *Storybook Homes, Inc. v. Carlson*, 312 N.E.2d 27, 29 (Ill. App. Ct. 1974)) (internal quotations omitted). Parol evidence may be admissible to show the background and purpose of the parties and the circumstances in which the agreement was negotiated, as well as the practical construction placed on the agreement by the parties themselves, to assist the court in construing unclear language and resolving uncertainties in applying the agreement to a particular subject matter. *Cullinet Software, Inc. v. McCormack & Dodge Corp.*, 400 Mass. 775, 776 (1987); *Hubert v. Melrose-Wakefield Hosp. Assoc.*, 40 Mass. App. Ct. 172, 177 (1996); *USM Corp. v. Arthur D. Little Systems, Inc.*, 28 Mass. App. Ct. 108, 116, *rev. den.*, 406 Mass. 1104 (1989).

As a result, this Court cannot hold, as a matter of law, that parol evidence is not potentially relevant at this stage of the litigation to a claim or defense in the case. Therefore, good cause has not been shown to prevent the discovery of possible parol evidence.

CC's motion for a protective order also seeks to prevent the deposition of Carrie Cope, regulatory counsel for CC. Cope is the author of a March 19, 2010 letter, which, according to MHS, was the culmination of extensive discussions between the parties and their agents related to the insurance policy's coverage of attorneys' fees. Depositions of attorneys are permitted under the Federal Rules but are generally discouraged. *See M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992). Criteria used to evaluate the propriety of an attorney's deposition include: "(1) whether the information sought is relevant to a major issue in the case . . .; (2) no other means for obtaining the relevant information exists . . .; (3) the need for the information outweighs the inherent risks of deposing opposition counsel . . .; and (4) the information sought is not privileged." *Id.*

In this case, the information sought may be relevant to the issues in the case, and there is no indication that anyone other than Cope can testify about her interpretation of the policy's terms. In addition, the need for the information outweighs the risks of deposing opposition counsel, who was a regulatory attorney, not opposing

**STATEMENT**

litigation counsel in the present case. *Cf. Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 905, 910 (N.D. Ill. 2009); *M & R Amusements*, 142 F.R.D. at 305. The deposition, however, must not delve into any privileged communications.

CC also requests this Court to limit the number of deponents to only one underwriting and claims personnel and to further limit that deposition to two hours. This Court may limit the frequency or extent of discovery if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c). Here, CC does not allege that there is any financial hardship or otherwise identifies any burden that would befall the proposed deponents. CC has failed to stated any legitimate basis to limit the number of deponents or to place a time limit beyond what the rules currently allow for. The Court does, however, limit the subject matter of all the depositions to the legal issues addressed above.

For the reasons stated above, Carolina Casualty Insurance Company's Motion for a Protective Order [Doc. No. 45] is denied. All matters currently referred to this Court are now resolved. The referral shall terminate.