IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROLINA CASUALTY INSURANCE )
COMPANY, )
 )
    Plaintiff and Counter-Defendant, ) Civil Action No.: 11 C 3844
 )
v. )
 )
        ) Suzanne B. Conlon, Judge
MERGE HEALTHCARE SOLUTIONS, )
INC. f/k/a AMICAS, INC., )
 )
    Defendant and Counter-Plaintiff. )

## MEMORANDUM OPINION AND ORDER

The main issue in this case is how to interpret a coverage exclusion for "the multiplied portion of multiplied damages" in an insurance policy. Amicas, Inc. was sued by its shareholders in Massachusetts state court in a suit covered by an insurance policy issued by Carolina Casualty Insurance Company. The case was settled and the state court entered an attorneys' fee award of $3.15 million against Amicas (now known as Merge Healthcare Solutions, Inc.). Carolina Casualty brought this suit, seeking a declaration that its obligation under the policy is limited to $630,000. Merge filed four counterclaims, two of which remain: breach of contract based on the insurance policy (Count I) and vexatious failure to pay under 215 ILCS 5/155 (Count III). The court previously denied Carolina Casualty's motion for summary judgment. Dkt. No. 62. Now, Merge moves for summary judgment on Carolina Casualty's declaratory judgment claim and its remaining counterclaims.

The facts are fully detailed in the court's prior opinion. Dkt. No. 63. Relevant here is the state court's calculation of attorneys' fees. The shareholder plaintiffs requested that the state court use the "percentage of the fund" approach, seeking a fee award of 19% of the $26 million

common fund created by the lawsuit, for a total of $4.94 million. Def. Facts ¶ 38. The court opted to use the lodestar method. Def. Facts ¶ 42. In doing so, the state court calculated a base lodestar amount of $630,000 ($450/hour x 1,400 hours) and multiplied that amount by a factor of five to account for the circumstances of the case to arrive at a total of $3.15 million, plus costs and expenses of $22,663 (which are not at issue in this lawsuit). Def. Ex. B, Mass. Order at 7. In doing so, the state court declined the shareholder plaintiffs' request to use the "percentage of the fund" approach; the shareholders had sought a fee award of 19% of the $26 million common fund created by the lawsuit for a total of $4.94 million. Def. Facts ¶ 38. The fee award is currently on appeal.

In Carolina Casualty's earlier summary judgment motion, it argued the amount of the fee award above the base lodestar amount was excluded from coverage as "the multiplied portion of multiplied damages." Dkt. No. 41. This court rejected Carolina Casualty's argument that the plain language of the policy clearly and unambiguously supported its interpretation. Dkt. No. 63. Now, Merge moves for summary judgment, arguing there is no genuine issue of fact that the policy covers the full fee award and Carolina Casualty's failure to pay is vexatious.

Summary judgment is appropriate if the record evidence reveals no genuine issue of material fact and Merge is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010). Although the facts are construed in the light most favorable to the non-moving party, Carolina Casualty must raise more than "a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008).

I.  **Declaratory Judgment Actions**

Merge's first counterclaim is styled as a breach of contract claim but actually seeks both a specific dollar amount and a declaration of coverage. Because Merge has not yet been damaged by Carolina Casualty's alleged failure to fulfill its policy obligations, the breach of contract component is premature. *Walker v. Ridgeview Constr. Co.*, 736 N.E.2d 1184, 1187 (Ill. App. Ct. 2000). The declaratory action component is not. *Home Ins. Co. v. Hopper*, 691 N.E.2d 65, 69 (Ill. App. Ct. 1998).

Carolina Casualty does not dispute that attorneys' fees are a covered loss under the policy. Rather, it argues solely that the exception for "the multiplied portion of multiplied damages" encompasses attorneys' fees calculated by applying a multiplier to the base lodestar amount. For an exclusionary clause to deny coverage, its application must be clear and free from doubt. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1109 (7th Cir. 2000). Here, the language is not clear. Carolina Casualty's strained contract interpretation arguments based on the surrounding language are not persuasive. The policy defines loss as, "damages, judgments, settlements and Costs of Defense; however, Loss shall not include . . . the multiplied portion of multiplied damages." Pl. Facts ¶ 73. Assuming that attorneys' fees are a type of "damages," it is unclear whether they are the type of "damages" addressed by "the multiplied portion of multiplied damages." Merge notes this phrase could refer simply to the double, treble, or other multiplied damages certain statutes apply to actual damages determined by the fact finder.

Because the contract language is ambiguous, the court may consider extrinsic evidence to ascertain the parties' intent. *Ancraft Prods. Co. v. Universal Oil Prods. Co., Inc.*, 874 N.E.2d 43,

3

58 (Ill. 2007). The entirety of the record evidence indicates that the policy covers the attorneys' fees in question.

During settlement discussions in the shareholder litigation, the shareholders asked Amicas whether it would be willing to pay their attorneys' fees instead of taking the fees out of the common fund. Def. Facts ¶ 14. Amicas asked Carolina Casualty whether and to what extent the shareholders' attorneys' fees were covered, prompting the insurer to compose a letter, dated March 19, 2010, confirming "that the Insurer is willing to cover, subject to the Policy's terms and conditions, reasonable attorneys' fees awarded by the court or negotiated with plaintiffs' counsel that are approved by the court," subject to certain reservations not relevant here. Def. Ex. I, Mar. 19, 2010 Letter at 1-2. The letter specifies that reasonable attorneys' fees are covered "regardless of whether or not the fees are calculated as a percentage of the bump-up amount . . ." *Id.*

Although neither party explicitly discussed the use of a multiplier in the lodestar calculation, the letter clearly indicates the parties' intent that reasonable attorneys fees would be covered regardless of how they were determined. It was not until after the court awarded $3.15 million in fees calculated under the lodestar method that Carolina Casualty contended these fees would be treated differently. Carolina Casualty claims that, in composing the March 19 letter, it agreed to indemnify fees calculated by a percentage of the fund method only because it was confident that this method was inappropriate for a "non-common fund case" and the state court would not use it. This explanation is neither plausible nor supported in the record. This *was* a common fund case. Also, Carolina Casualty's explanation for denying full coverage relies on there being a distinction between fees calculated using the lodestar method with and without the multiplier. As discussed in the court's prior opinion, multipliers are often used when calculating

4

attorneys' fees using the lodestar method for common fund cases, and even, rarely, for statutory fee awards. *See* Dkt. No. 63 at 8-12. There is no evidence supporting such a distinction.

Merge further controverts Carolina Casualty's suggested reading with the expert testimony of insurance lawyer Timothy W. Burns. Def. Ex. F., Decl. of Burns. Burns has practiced insurance law for nineteen years, focusing on directors' and officers' ("D & O") insurance for the last eight. *Id.* at ¶¶ 6-7. Burns has written dozens of articles on the subject, taught various D & O insurance programs around the country, and co-authored a treatise on D & O insurance. *Id.* at ¶¶ 10, 14. Burns opined that, in his experience, the phrase "the multiplied portion of multiplied damages" is a "term of art meant to refer to increased damages such as those described in antitrust, racketeering and employment statutes."[1] *Id.* at ¶ 4.

Strikingly, Carolina Casualty presents no evidence supporting its suggested reading of the policy. No one associated with the company or the policy underwriter, Monitor Liability Adjusters, LLC, testified that the policy (or letter) aimed to exclude fees calculated by the lodestar method if a multiplier was used. Carolina Casualty presents no expert testimony to controvert Burns' expert opinion or otherwise support reading "the multiplied portion of multiplied damages" as encompassing such a calculation. Finally, Carolina Casualty presents no case law, or any other authority, suggesting that this phrase has *ever* been granted such a reading.

When an insurance policy is unclear, terms limiting an insurer's liability are liberally construed in favor of coverage. *Menke v. Country Mut. Ins. Co.*, 401 N.E.2d 539, 541 (Ill. 1980). The evidence demonstrates that the policy indemnified Merge for the shareholders' reasonable

---

[1] Burns is using his specialized knowledge not to testify as to a case-determinative legal conclusion, but to serve the permitted function of illuminating the custom and practices of the insurance industry. When interpreting ambiguous language in a contract, evidence of custom and usage is relevant. *WH Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429 (7th Cir. 1994).

attorneys' fees, regardless of the calculation method. Because Carolina Casualty has presented no evidence to the contrary, summary judgment is granted in favor of Merge on Count I of its counterclaims. For the same reasons, the court grants Merge summary judgment on Carolina Casualty's original claim for a declaratory judgment.

II. **Vexatious Failure to Pay**

Under Illinois law, a party may recover attorneys' fees and an additional penalty if an insurance company acts vexatiously and unreasonably in delaying payment of an amount due under an insurance policy. 215 ILCS 5/155. Although the question of what reaches the level of a vexatious failure to pay is fact-specific, the final evaluation is made by the court. *Horning Wire Corp. v. Home Indem. Co.*, 8 F.3d 587, 590 (7th Cir. 1993).

A failure to pay is not vexatious if the insurer has a *bona fide* dispute about coverage. *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1018 (Ill. 2003). Carolina Casualty's position in this lawsuit stems from the parties' failure to explicitly contemplate the use of a multiplier in the lodestar method when discussing coverage. Although Carolina Casualty relied on a legally mistaken view of the lodestar method, the court cannot say that its position was unreasonable in the circumstances of this case. Merge has not made a showing that the suit was filed for anything other than a *bona fide* dispute about coverage.

Merge also cites two other alleged vexatious activities by Carolina Casualty: the insurer initially declining to cover the entirety of Merge's attorneys' fees on appeal and unilaterally contacting counsel for the shareholder plaintiffs regarding an attorneys' fees award settlement. Def. Facts ¶¶ 50-51; Def. Ex. Q, Sept. 7, 2011 Letter; Def. Ex. C, Decl. of John F. Sylvia at ¶ 23; Pl. Facts ¶ 49. Carolina's initial hesitation to advance the fees on appeal was based on its *bona*

*fide* dispute; it subsequently advanced the full costs for the appeal. Merge speculates that Carolina Casualty's conduct prejudiced its settlement discussions with the shareholders but has presented no evidence of actual prejudice. Furthermore, the policy states that Carolina Casualty "shall be entitled to effectively associate in the defense and negotiation of any settlement of any Claim." Def. Ex. A, Policy at 59.

Accordingly, Merge's summary judgment motion is denied as to the counterclaim for vexatious failure to pay. After considering all of the evidence presented by Merge, the court concludes there is no genuine dispute for trial and grants judgment to Carolina Casualty on this count under FED. R. CIV. P. 56(f).

ENTER:

Suzanne B. Conlon
United States District Judge

April 30, 2012